THE STATE OF OHIO, APPELLEE, v. MERCIER, APPELLANT.

[Cite as State v. Mercier, 145 Ohio St.3d 123, 2016–Ohio-128.]

(Nos. 2014–1409 and 2014–1411—Submitted November 17, 2015—Decided January 19, 2016.)

{¶ 1} The judgment of the court of appeals is reversed, the trial court's sentencing order is vacated, and the cause is remanded to the trial court on the authority of State v. South, 144 Ohio St.3d 295, 2015-Ohio-3930, 42 N.E.3d 734.

O'Connor, C.J., and Pfeifer, Lanzinger, French, and O'Neill, JJ., concur.

Kennedy, J., concurs in judgment only.

O'Donnell, J., dissents.

---

**Kennedy, J., concurring in judgment only.**

{¶ 2} In *State v. South,* 144 Ohio St.3d 295, 2015-Ohio-3930, 42 N.E.3d 734, I dissented from the majority's conclusion that a trial court has discretion to sentence an offender for an underlying third-degree-felony offense of operating a vehicle while under the influence ("OVI") only to the prison terms specified in R.C. 2929.14(A)(3)(b). It was my opinion that based on the statutory language of R.C. 2929.14(B)(4), it is within a trial court's discretion to impose an additional prison term of any duration as set forth in R.C. 2929.14(A)(3)(a) *and* (b) for the underlying OVI conviction for a felony of the third degree. *Id.* at ¶ 44 (Kennedy, J., concurring in part and dissenting in part). Because the majority opinion in *South* is controlling law, I respectfully concur in judgment only.

---

Ron O'Brien, Franklin County Prosecuting Attorney, and Michael P. Walton, Assistant Prosecuting Attorney, for appellee.

Yeura R. Venters, Franklin County Public Defender, and Timothy E. Pierce, Assistant Public Defender, for appellant.